Fa'Dee MULAZIM; Melanic Radination Zonex Department, Plaintiffs–Appellants,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.

No. 00–2403.

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2002.

Before MERRITT, BOGGS, and MOORE, Circuit Judges.

*ORDER*

Fa'Dee Mulazim, a pro se Michigan state prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mulazim is the founder, incorporator, and self-proclaimed "Redeemer" of a reli-

gion he created while in prison known as the Islamic Palace of the Rising Sun (also known as the Melanic Palace of the Rising Sun). A schism among the sect's adherents resulted in Mulazim being deposed as the "Redeemer" and expelled from the group. He continues to practice his particular brand of the faith, with himself as sole authority.

Seeking injunctive relief and over fifty million dollars in damages, Mulazim and the Melanic Radiation Zonex Department (the assumed name for The Melanic Palace of the Rising Sun) sued Michigan's governor (John Engler), the Michigan Department of Corrections (MDOC), its director (Bill Martin), its deputy director (Dan Bolden), the special activities coordinator for MDOC (Dave Burnett), the deputy warden at Michigan's Thumb Correctional Facility (Fabian LaVigne), the prison's assistant deputy wardens (James T. Mecoli and Gary Phipps), a resident unit manager (Roy Smith), a prison chaplain (Ronald L. Nuckles), and the warden of the Southern Michigan Correctional Facility (Bruce Curtis) in their official and individual capacities.

In essence, Mulazim claimed that the defendants violated his First Amendment rights because the "Melanic Islamic Palace of the Rising Sun" was denied religious status by MDOC for being a security threat. Mulazim denies any association with this organization; his group constitutes a similar organization with a slightly different name. Thus, because the defendants have mistaken these groups, the defendants have violated his First Amendment rights because MDOC will not allow him to practice the "true" Melanic religion—The Melanic Radiation Zonex Department.

Inasmuch as Mulazim had filed at least three prior cases in the district court which were dismissed as frivolous or for failure to state a claim, the magistrate judge ordered Mulazim to show cause why the provision of 28 U.S.C. § 1915(g) should not bar him from proceeding without prepayment of the filing fee. Mulazim failed to adequately show cause and did not remit the requisite filing fee. Therefore, the magistrate judge revoked Mulazim's in forma pauperis status and recommended that Mulazim's complaint be dismissed. The district court adopted the magistrate judge's report and recommendation over Mulazim's objections and dismissed the complaint under the "three strikes" provision of the Prison Litigation Reform Act.

On the same day Mulazim filed his notice of appeal, he moved the district court for an order to show cause why a preliminary injunction granting him the ultimate relief he requested should not issue pending appeal. The district court denied that motion as well.

On appeal, Mulazim challenges the propriety of the judgment denying his motion for injunctive relief and essentially reasserts the claims that he set forth in the district court. He also moves this court for injunctive relief pending appeal.

Upon review, we hereby affirm the district court's judgment because Mulazim must prevail in this court on his appeal of the district court's "three strikes" dismissal before his case may be considered on the merits, and there is not a strong likelihood that he will prevail. *See* Fed. R.Civ.P. 65.

Mulazim contends that the district court violated his First and Fourteenth Amendment rights by dismissing his complaint for failure to pay the filing fee pursuant to the "three strikes" provision of § 1915(g). Similar arguments have been expressly rejected by the Sixth Circuit. *Wilson v. Yaklich,* 148 F.3d 596, 604–06 (6th Cir. 1998). Under the PLRA, the district court

shall deny a prisoner's request for leave to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, or malicious, or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g). Dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the "three strikes" referred to in § 1915(g). *Wilson*, 148 F.3d at 604. Mulazim concedes that he has "three strikes."

Mulazim also has not alleged any facts to establish that he is in imminent danger of serious physical injury, and thus he does not fit within the exception to the statutory mandate that prohibits him from proceeding in forma pauperis in light of his three prior frivolity dismissals. Mulazim argues that he was stabbed by an inmate of the competing Melanic faction in 1986. An assault that occurred fifteen years ago does not constitute imminent danger of serious physical injury.

Accordingly, the court hereby denies Mulazim's motion for injunctive relief pending appeal, and affirms the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation of August 31, 2000, as adopted by the district court in its order of October 10, 2000.